02-12-306-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00306-CV

 

 


 
 
 Samuel
 Okere
  
 v.
  
  
 Jane
 Okere
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From the 325th District
 Court
  
 of
 Tarrant County (325-478978-10)
  
 February
 28, 2013
  
 Per
 Curiam
 
 


JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed. 

          It
is further ordered that appellant Samuel Okere shall pay all of the costs of
this appeal, for which let execution issue.

 

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

PER CURIAM

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00306-CV

 

 


 
 
 Samuel Okere
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Jane Okere
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 325th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          On
November 21, 2012, the parties filed a “Joint Motion To Remand To Trial Court
And To Enter A Clarification Order.”  In the motion, the parties stated that on
November 12, 2012, mediation was conducted, during which the parties signed a
mediated settlement agreement and resolved the issue that was pending in this
appeal.  The parties asked this court to grant their joint motion and to remand
the case to the trial court to clarify its prior order of April 27, 2012, and
to enter a clarification order in accordance with the parties’ mediated
settlement agreement.

On
December 7, 2012, we granted the parties’ “Joint Motion To Remand To Trial
Court And To Enter A Clarification Order” and stated that the appeal would be
automatically reinstated on January 31, 2013, but could be dismissed if no
party filed a motion asking that the appeal continue.  More than ten days have
elapsed since the appeal was reinstated, and no motion has been filed.

Pursuant
to our December 7, 2012 order, we therefore dismiss the appeal.  See
Tex. R. App. P. 43.2(f); see also Waldo v. Muhs, No. 02-05-00126-CV,
2006 WL 349707, at *1 (Tex. App.—Fort Worth Feb. 16, 2006, no pet.) (mem. op.)
(dismissing appeal after parties failed to file any motions following mediation
that resolved all issues in appeal).

 

 

PER CURIAM

 

PANEL: 
WALKER,
MCCOY, and MEIER, JJ.

 

DELIVERED:  February 28,
2013








 









[1]See Tex. R. App. P. 47.4.